U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED
JUN 27 2001
ROBERT H. SHEMWELL, CLERK
BY ____ DEPUTY

**UNITED DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

**SCOTTSDALE INSURANCE CO.** — **CIVIL ACTION NO.** CV01-1191 L-O

**VS.** — **JUDGE** JUDGE HAIK

**SEA-SAFE, INC., KEITH COOK, and ANDY HUNT** — **MAGISTRATE JUDGE** MAGISTRATE JUDGE TYNES

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW INTO COURT, through undersigned counsel, comes plaintiff, SCOTTSDALE INSURANCE COMPANY, and for its complaint against defendants, SEA-SAFE, INC., KEITH COOK, and ANDY HUNT shows that:

1.

This is an action for Declaratory Judgment pursuant to 28 U.S.C. Section 2201 and 28 U.S.C. Section 2202 for the purpose of resolving an actual controversy between the parties.

2.

A previous and similar action was filed before this court bearing the title of *Scottsdale Insurance Company v. Sea-Safe, Inc.*, civil action No. 98-0032. This action was assigned to Judge Tucker Melancon who denied a Motion for Summary Judgment on the majority of the issues for reasons of unresolved factual disputes. This matter was later dismissed as a non-suit by agreement of the parties when the issues appeared to be otherwise resolved.

3.

Plaintiff, SCOTTSDALE INSURANCE COMPANY, is an insurance company incorporated under the laws of the State of Ohio, with its principal place of business in Scottsdale, Arizona.

4.

Defendant, SEA-SAFE, INC., is a Louisiana corporation licensed to do and doing business in the Parish of Lafayette, State of Louisiana, and whose registered agent for service of process is David M. Dooley, Sr., 209 Glaser Dr., Lafayette, Louisiana 70508.

5.

Defendant, ANDY HUNT, is a person of the full age of majority who is domiciled in the Parish of St. Landry, State of Louisiana.

6.

Defendant, KEITH COOK, is a person of the full age of majority who is domiciled in the Parish of Lafayette, State of Louisiana.

7.

The matter in controversy exceeds the sum of $75,000 exclusive of interest, attorney's fees and costs. The court has jurisdiction under 28 U.S.C. Section 1332.

8.

Venue is proper pursuant to 28 U.S.C. Section 1391 in that this action is brought in the judicial district where the defendants reside and is subject to personal jurisdiction at the time the action is commenced.

9.

In the original petition filed in the Fifteenth Judicial District Court of Lafayette Parish, Louisiana, the plaintiff, Joseph Ledet, claims that his employer, defendant Manpower Temporary Services (hereinafter Manpower), contracted with defendant Sea-Safe, Inc. for Joseph Ledet to work with Sea-Safe, Inc. as a laborer. Scottsdale Insurance Company attaches hereto as Exhibit "A", a copy of Ledet's Petition for Damages.

10.

The Ledets' allege at Paragraphs 5-7 of their petition that Manpower and Sea-Safe required Joseph Ledet to mix and use certain chemicals, epoxy glues, resins and chemical paints which were hazardous and toxic by nature.

11.

The Ledets' allege in Paragraph 8 of their petition that Sea-Safe and Manpower stored, handled and transported the hazardous and toxic substances with wanton and reckless disregard for public safety.

12.

The Ledets' allege in Paragraphs 9-11 of their petition, that Joseph Ledet became sick due to the exposure to the various hazardous and toxic chemicals to which defendants allegedly subjected him.

13.

Ledet further alleges at Paragraphs 13 and 14 of their petition, that Sea-Safe and Manpower denied Joseph Ledet's requests for other work assignments and protective work gear despite their knowledge of the harm that their allegedly hazardous chemicals caused Joseph Ledet.

14.

Joseph Ledet alleges at Paragraph 23 of his petition that Sea-safe knew that the injuries he sustained were occurring and/or were substantially certain to occur. Nevertheless, Ledet contends that Sea-Safe and Manpower still failed to protect him by taking a number of specific protective measures.

15.

On March 15, 2001, Ledet filed a First Supplemental and Amended Complaint. Added as defendants by this amended complaint were Hartford Underwriter Insurance Company, Andy Hunt, and Keith Cook. Mr. Hunt and Mr. Cook were at all relevant times Ledet's supervisors at Sea-Safe, Inc. Scottsdale Insurance Company is not a named defendant in the Original or Amended Petition for Damages.

16.

Mr. Ledet alleges at Paragraph 30 of his Amended Petition that the conduct of full-time employees of Sea-Safe caused damages to him on the work premises. Accordingly, Ledet alleged that Sea-Safe is vicariously liable for the actions of his full-time employees pursuant to the theory of respondents superior. A copy of the Amended Petition is included herein as Exhibit "B".

17.

At Paragraph 33 of the Amended Petition, Ledet alleges that Mr. Andy Hunt was a direct supervisor of Joseph Ledet at the time Ledet was repeatedly assigned to work in the "glue pit" or grating department. Ledet further clarifies his allegations at Paragraph 35 that Mr. Andy Hunt had specific knowledge that certain chemicals were causing injury to employees of Sea-Safe.

18.

In Paragraph 36 of the Amended Petition, Ledet alleges that Mr. Hunt took no measure to prevent the chemicals used in the "glue pit" from causing injuries to personnel, notwithstanding his direct knowledge that persons were being injured as a result of said chemicals. The petition further alleges that Mr. Andy Hunt required Joseph Ledet to work with hazardous chemicals even while knowing that Joseph Ledet's body was visibly and actively reacting to the chemicals.

19.

In Paragraph 39, Ledet alleges that the conduct of Andy Hunt confirmed his intent to harm Joseph Ledet.

20.

In Ledet's amended complaint, at Paragraphs 41-47, similar allegations are asserted against Mr. Keith Cook. More specifically, at Paragraph 46, Ledet alleges that "the conduct of Mr. Keith Cook confirms his intent to harm Joseph Ledet".

21.

Joseph Ledet started working for Sea-Safe, Inc. in September of 1991. His last day of employment with Sea-Safe was in March of 1994. At all times during Mr. Ledet's employment with Sea-Safe, Sea-Safe had in force a commercial general liability policy issued by Scottsdale Insurance. A copy of Scottsdale's CGL policies and all of its endorsements are attached hereto as Exhibit "C".

22.

Mr. Joseph Ledet was an employee of Manpower, a labor supply company which supplied him to Sea-Safe under a contract for labor.

23.

Mr. Ledet's duties working in the glue department of Sea-Safe predominantly consisted of the gluing together of gratings. He also performed sanding work and occasionally he helped to paint. Other Sea-Safe employees were assigned to do the same assignments as Mr. Ledet.

24.

Mr. Ledet was given all of his work assignments by Sea-Safe. He was given all of his work equipment and supplies by Sea-Safe. He was given all of his training by Sea-Safe, and he reported only to Sea-Safe personnel throughout his time working there.

25.

Joseph Ledet was a borrowed employee and Sea-Safe was his borrowing employer, or alternatively, his statutory employer from 1991 to 1994.

26.

The Scottsdale Insurance policy contains an "expected or intended" exclusion. This exclusionary provision is contained in Section I (2)(a):

> This insurance does not apply to:
> a. "bodily injury" or "property damage" **expected** or **intended** from the standpoint of the insured.

(See Exhibit C, Tab #1)

27.

In Paragraph 39 and 46 of Mr. Ledet's Amended Complaint, plaintiff asserts that the conduct of Andy Hunt and Keith Cook "confirms their intent to harm Joseph Ledet". Scottsdale's policy affords no coverage in connection with bodily injuries "expected or intended" from the standpoint of the insured.

28.

Scottsdale Insurance Company's CGL policy contains several provisions which operate to exclude coverage for Ledet's claims because of his status as a borrowed or statutory employee.

29.

In Section I (2)(e) an "employee" exclusion is set forth:

> **Exclusion**
> **This insurance does not apply to:**
> **(e) "bodily injury" to:**
> **(1) an employee of the insured arising out of and in the course of employment by the insured;**

(See Exhibit C, Tab #1)

30.

Scottsdale Insurance Company's CGL policy for Sea-Safe affords no coverage to an **employee** of the insured (Sea-Safe).

31.

In Section II of the Scottsdale policy, the provisions of "who is an insured" is set forth. In pertinent part, Section II (2) states as follows:

> Each of the following is also an insured:
>
> a. Your employees, other than your executive officers, but only for acts within the scope of their employment by you. However, no employee is an insured for:
> (1) "Bodily injury" or "personal injury" to you or to a **co-employee** while in the course or his or her employment…

(See Exhibit C, Tab #3)

32.

Under the Scottsdale Insurance Company policy, no employee is an insured for bodily injury to a co-employee. During Joseph Ledet's entire time of employment with Sea-Safe, Andy Hunt and Keith Cook were also employees of Sea-Safe. Joseph Ledet was therefore their "co-employee", so that neither Keith Cook nor Andy Hunt are considered "insureds" under the policy.

33.

The Scottsdale Insurance policy also contains a "workers' compensation" exclusion applicable to the facts of this case. This exclusionary provision is contained in Section I (2)(d):

This insurance does not apply to:

> d. Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or similar law.

(See Exhibit C, Tab #1)

34.

Scottsdale's policy affords no coverage for Mr. Ledet's claims for injuries to which the Workers' Compensation Statutes apply as to a borrowed or statutory employee.

35.

In the Scottsdale Insurance policy, Section I (2)(f), a "pollution exclusion" is provided. This exclusion sets forth:

> This insurance does not apply to:
> (1) "bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants…

(See Exhibit C, Tab #2)

36.

In Paragraph 19 of Joseph Ledet's original petition, he alleges that "constant, unprotected exposure to the toxic and hazardous chemicals, epoxy glues, resins and chemical paint, caused Joseph Ledet to suffer among other things, contact dermatitis, lung disease, chemical poisoning and various other maladies, all resulting in physical and mental pain and suffering…"

Scottsdale's CGL policy does not provide coverage for bodily injury caused by these "pollutants".

37.

In the Amendatory Endorsements (D) of the Scottsdale CGL policy, a punitive damage exclusion is set forth:

> **Punitive or Exemplary Damage Exclusion**
> (1) This policy does not apply to a claim at of indemnification for punitive or excemplary damages…

(See Exhibit C, Tab #4)

38.

In the Ledet lawsuit, Mr. Ledet seeks punitive damages against Sea-Safe, Keith Cook and Andy Hunt. In a prior Motion for Summary Judgment bearing the heading *Scottsdale Insurance Company v. Sea-Safe, Inc.,* Judge Tucker Melancon specifically held that Scottsdale's policy of insurance did not provide coverage for punitive damages, and such judgment is final.

39.

Recovery of punitive damages is not available due to the applicable exclusion contained in Scottsdale's policy. A determination of such must now be made in connection with the claims against Keith Cook and Andy Hunt.

40.

Based on the above policy exclusions which operate to deny coverage, Scottsdale Insurance Company has no duty to defend Sea-Safe, Keith Cook or Andy Hunt for the claims of Joseph Ledet.

41.

There exists an actual controversy between Scottsdale Insurance Company and defendants, Sea-Safe, Inc., Keith Cook and Andy Hunt within the jurisdiction of this court and involving the rights and liabilities under a contract of liability insurance, which controversy may be determined by a judgment of this court, without other suits.

WHEREFORE, plaintiff, SCOTTSDALE INSURANCE COMPANY, prays for:

I.

A Declaratory Judgment, in favor of plaintiff, SCOTTSDALE INSURANCE COMPANY, declaring that they owe no duty to defend defendants, SEA-SAFE, INC., KEITH COOK, or ANDY HUNT, in the Ledet lawsuit.

Respectfully submitted:

**LEONARD & LEONARD, Ltd.**
**A Professional Law Corporation**

**H. LEE LEONARD (#8527)**
**MICHAEL F. NOLAN (#27023)**
2448 Johnston Street
Post Office Box 91823
Lafayette, LA 70509-1823
(337) 233-4424
ATTORNEYS FOR PLAINTIFF,
SCOTTSDALE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has this day been forwarded to all known counsel of record in this proceeding by depositing same in the United States Mail, postage prepaid and properly addressed.

Lafayette, Louisiana this 27 day of June 2001.

**MICHAEL F. NOLAN**

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

## IDENTIFICATION OF DOCUMENTS NOT FILED IN RECORD

CIVIL DOCKET NO. 01-1191

SCOTTSDALE INSURANCE CO

VS.

SEA-SAFE INC

ATTACHMENTS TO COMPLAINT FOR DECLARATORY JUDGEMENT

FILED ON 06/27/01

PART 1 of 1

Chris Wormser

DEPUTY CLERK

Document No. 1